**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ISAIAH GAVIN,<br><br>     Plaintiff,<br><br>     v.<br><br>BOARD OF EDUCATION, SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT, NICOLE DUFAULT, individually and in her official capacity, and JOHN DOES I–X,<br><br>     Defendants. | Civ. No. 20-09191 (KM) (JSA)<br><br>**OPINION** |

<u>KEVIN MCNULTY, U.S.D.J.</u>:

Isaiah Gavin, who was a student in the South Orange-Maplewood School District, alleges that he faced abuse and harassment by a teacher, Nicole Dufault. He brings civil rights and torts claims against the District's Board of Education and Dufault. The Board (DE 8)[1] and Dufault (DE 12) move to dismiss the claims against them because they were filed after the running of the applicable statute of limitations. For the following reasons, the Board's motion is **GRANTED**, and Dufault's motion is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Dufault's motion is granted to the extent it seeks dismissal of the federal-law claims and denied to the extent it seeks dismissal of the state-law claims. Nonetheless, because only state-law claims will remain, and this action is in its early stages, the Court declines to exercise

---

[1]    Certain citations to the record are abbreviated as follows:

    DE = docket entry

    Compl. = Complaint (DE 1)

    Opp. = Gavin's Brief in Opposition to the Board's Motion to Dismiss (DE 16)

    Reply = The Board's Reply Brief in Support of its Motion to Dismiss (DE 17)

supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state-law claims.

## I.   BACKGROUND

The allegations of the Complaint are assumed to be true for purposes of this motion only. (*See* Section II, *infra.*) They are as follows.

Isaiah Gavin is a Black male who suffers from a learning disability. (Compl. ¶ 8.) He attended Columbia High School in the District, where Dufault was a teacher. (*Id.* ¶¶ 9, 14.) Beginning in April or May 2014, Dufault sexually abused, assaulted, and harassed Gavin. (*Id.* ¶¶ 25, 28.) Her actions continued for six months. (*Id.* ¶ 25.) During that time, the Board received information about Dufault's actions but failed to act. (*Id.* ¶ 30.)

Gavin's mother, on his behalf, sued the Board and Dufault in New Jersey Superior Court in September 2016. (*Daniels v. S. Orange-Maplewood Bd. of Educ.*, Civ. No. 17-00850, DE 1.) Because the complaint contained federal-law claims, the defendants removed the case to this Court. (*Id.*) Chief Judge Jose L. Linares dismissed the complaint without prejudice to amendment, but no amended complaint was ever filed. (*Daniels*, DE 17.)

Almost four years later, in July 2020, Isaiah Gavin filed the Complaint in this case. Judge Linares having retired in the interim, the case was assigned to me. Now no longer a minor, and represented by counsel, Gavin is suing on his own behalf. (Compl.) He asserts the following claims:[2]

- Count 1: a 42 U.S.C. § 1983 claim (against Dufault);
- Count 2: claims under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* (against both defendants);

---

[2]     The claims do not always clearly identify their legal basis or the defendant(s) against which they are asserted. Where the Complaint uses "defendants," I assume the claim is asserted against both defendants, even if the allegations appear to focus on one. Where the claim's heading specifies a certain cause of action, I assume it is confined to that cause of action.

- Count 3: claims under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, and NJLAD (against both defendants);
- Count 4: a § 1983 claim based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (against the Board);
- Count 5: assault and battery (against Dufault);
- Count 6: intentional infliction of emotional distress ("IIED") (against Dufault);
- Count 7: negligent infliction of emotional distress ("NIED") (against Dufault);
- Count 8: negligent supervision, retention, and training (against the Board);
- Count 9: claims under the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132 (against both defendants).

(Compl. ¶¶ 54–83.) The Board moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the federal civil rights claims asserted against it as time-barred. (DE 8.) Dufault joins in the Board's motion by letter and asks to dismiss all claims asserted against her as time-barred. (DE 12.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations, but requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in

the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

## III.   DISCUSSION

The issue is whether Gavin's claims are barred by the applicable statute of limitations. The choice before the Court is between (a) the ordinary two-year statute of limitations for personal-injury actions, N.J. Stat. Ann. § 2A:14-2(a), or (b) the recently extended specialized statute of limitations for actions arising from sexual assault against minors, *id.* § 2A:14-2a(a)(1) (enacted in 2019). The parties have sharpened the issue admirably; they agree that if (a) applies, Gavin's federal claims are time-barred, but if (b) applies, they are not. (*See* Opp. at 3; Reply at 4.)

A court may dismiss a claim when a statute of limitations defense is apparent on the face of the complaint. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). To determine the statute of limitations for a federal claim, I apply any period expressly provided, but if there is none, I must "borrow the most closely analogous state limitations period." *Graham Cnty. Soil & Water Conserv. Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 415 (2005) (quotation marks and citations omitted).

For federal claims like Gavin's that do not contain their own limitation period, the federal courts have borrowed New Jersey's personal-injury limitation period of two years. N.J. Stat. Ann. § 2A:14-2(a). *See Estate of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014) (§ 1983); *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012) (per curiam) (Title VI); *Shine v. Bayonne Bd. of Educ.*, 633 F. App'x 820, 823 (3d Cir. 2015) (Title IX); *Douris v. New Jersey*, 500 F. App'x 98, 102 n.5 (3d Cir. 2012) (per curiam) (ADA); *Chitester v. Dep't of Child Protect. Permanency*, Civ. No. 17-12650, 2018 WL 6600099, at *6 (D.N.J. Dec. 17, 2018) (RA). Likewise, all of Gavin's state-law claims, at the time of the events in the Complaint, would have been subject to that same section 2A:14-2(a) limitation period of two years. *Angelino v. N.Y. Times Co.*, 200 F.3d 73, 97 (3d Cir. 1999) (NJLAD);

*D.M. v. River Dell Reg'l High Sch.*, 862 A.2d 1226, 1232 (N.J. Super. Ct. App. Div. 2004) (negligence, infliction of emotional distress, assault, and battery).

The acts alleged against Dufault began and ended in 2014, six years ago. Gavin acknowledges that they fall outside the usual two-year personal-injury statute of limitations. (Opp. at 3.) He argues, however, that recent New Jersey legislation has lengthened the statute of limitations applicable to his particular claims. (*Id.*)

In December 2019, New Jersey extended the statute of limitations for claims for injuries resulting from sexual assault against minors.[3] 2019 N.J. Sess. Law Serv. ch. 120, § 9 (West). New Jersey law now provides as follows:

> Every action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse . . . against a minor under the age of 18 that occurred prior to, on or after [December 1, 2019] shall be commenced within 37 years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later.

N.J. Stat. Ann. § 2A:14-2a(a)(1). The parties agree that this limitation period (assuming it applies) has not run. Gavin's claims would not be time-barred because he is not yet 55 years old (37 years plus 18, the age of majority).[4]

---

[3]    For simplicity, I will use "sexual assault" to describe all forms of sexual misconduct under New Jersey law.

[4]    Gavin cites another provision of the new law, providing that "[n]otwithstanding" section § 2A:14-2a, an action that is "otherwise" "barred" may be brought for two years after the legislation's effective date, December 1, 2019. N.J. Stat. Ann. § 2A:14-2b(a). He argues that his claims are timely because they fall within the two-year window starting on December 1, 2019. (Opp. at 3.) Gavin does not need to rely on this two-year window because, under section 2A:14-2a(a)(1), his claim is clearly not otherwise barred. Gavin is nowhere near 55 years old. This catchall provision is designed to assist sexual assault survivors who are over 55 and therefore could not take advantage of the newly extended limitations period. S. Judiciary Comm., Statement to Senate Committee Substitute for Senate, No. 477, S. 477, 218th Sess., at 7 (N.J. 2019). At any rate, this provision, even if it applied to Gavin, would not save the federal claims, which are governed by the general personal-injury limitations period, as established *infra.*

No reported case, state or federal, has construed this new statute. *A fortiori*, no court has determined whether the federal courts will borrow this specialized limitation period for federal civil rights claims based on sexual assault. As to Gavin's federal-law claims, I find that Supreme Court precedent forecloses this court's adoption of New Jersey's 2019 sexual-assault statute of limitations.

The relevant case is *Owens v. Okure*, 488 U.S. 235 (1989). That plaintiff asserted a federal § 1983 claim arising from an alleged arrest and beating. As noted above, § 1983 contains no limitation period, so the federal courts will borrow an appropriate statute of limitations from state law. The issue presented to the U.S. Supreme Court was a choice between two potentially applicable statutes of limitations: (a) New York's specialized statute of limitations for eight specified intentional torts, or (b) its general statute of limitations for personal-injury claims. *Id.* at 237. The Supreme Court noted the wide variety of limitations periods to be found in state law and invoked the need for uniformity. The Court thus rejected the notion that courts should mix and match, borrowing the state limitations period for the tort most analogous to each of the federal-law claims. *Id.* at 243–50. To put it another way, the Supreme Court has abandoned the idea that the federal § 1983 limitation period will differ based on the theory of injury. *Id.* at 240.

Instead, the Supreme Court adopted a predictable, easily administered rule: A state's general personal-injury statute of limitations governs all § 1983 claims. *Id.* at 243–50. Although *Owens* addressed only § 1983 claims, the Court has applied its reasoning to other federal claims that resemble personal-injury claims. *Reed v. United Transp. Union*, 488 U.S. 319, 334 (1989).

In the three decades since *Owens*, multiple states have extended the limitation period for sexual-assault claims. The federal Courts of Appeals, citing *Owens*, have uniformly held that such specialized limitation periods do not apply to federal claims. Instead, they have continued to apply the applicable state's general personal-injury statute of limitations. *See King-White*

6

*v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768–69 (7th Cir. 2013); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579–80 (9th Cir. 2012); *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).[5]

I agree with this consensus and hold that New Jersey's two-year limitations period continues to apply to Gavin's federal claims, despite New Jersey's subsequent enactment of a longer period for sexual-assault claims like his. As *Owens* instructed, "where state law provides multiple statutes of limitations for personal injury actions, courts . . . should borrow the general or residual statute for personal injury actions." 488 U.S. at 249–50. That "general or residual statute," in New Jersey is N.J. Stat. Ann. § 2A:14-2(a), the two-year statute. New Jersey's decision to extend the statute of limitations for cases of sexual-assault cases against minors may well be good policy. It applies, however, only to state, not federal claims.

The conclusion is therefore clear. The state's personal-injury limitations period is two years. The acts complained of occurred some six years before this action was filed. Thus, Gavin's federal-law claims are time-barred.

---

[5]     In *Owens,* the Supreme Court left open the question of whether a limitations period could be so short that it would impermissibly prevent the plaintiff from bringing a claim. 488 U.S. at 251 n.13 (citing *Burnett v. Grattan,* 468 U.S. 42, 61 (1984) (Rehnquist, J., dissenting) (a court must ensure that a state statute of limitations "afford[s] a reasonable time to the federal claimant")). Gavin does not raise any argument that a two-year limitations period is too short for sexual assault survivors. At any rate, the courts have generally rejected that argument. As the Seventh Circuit explained, "the determination whether a limitations period is consistent or not with federal interests must be made with reference to *all* § 1983 claims, not a particular subset, because all § 1983 claims within a single state are to be governed by the same limitations period." *Woods,* 710 F.3d at 767. Although a two-year limitations period may pose more difficulties for sexual-assault claimants than others, Gavin would need to show that two years is too short for *any* § 1983, Title VI, Title IX, ADA, or RA claimant. *See id.* No case has so held in this Circuit; the two-year statute has routinely been applied without objection; and experience demonstrates that many such claims are successfully litigated every day.

Gavin's state-law claims, however, stand on different footing. New Jersey is free to specify any and varying limitations periods for causes of action under its own law. Section 2A:14-2a(a)(1), the extended statute of limitations for claims based on sexual abuse of minors, applies to "*[e]very action* at law," so it plainly encompasses all of Gavin's state-law claims. Accordingly, those are not time-barred.

To be clear, the state-law claims that remain after the dismissal of the federal claims are these:

NJLAD against the Board and Dufault (Counts 2 and 3);

Assault and battery against Dufault (Count 5);

IIED against Dufault (Count 6);

NIED against Dufault (Count 7); and

Negligent supervision, retention, and training against the Board (Count 8).

## IV. SUPPLEMENTAL JURISDICTION

What remain, then, are state-law claims, so there is no federal question jurisdiction. 28 U.S.C. § 1331. The parties are not of diverse citizenship, so there is no diversity jurisdiction. 28 U.S.C. § 1332. (Compl. ¶¶ 8, 10.) The only potential basis for subject matter jurisdiction would be this Court's supplemental jurisdiction under 28 U.S.C. § 1367. The Court's continued exercise of supplemental jurisdiction, however, is discretionary.

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). "[A] court does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances." *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019) (citing 28 U.S.C. § 1367(c)). Indeed, where the federal claims that provided the basis for original jurisdiction are dismissed, the court should "decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the

parties provide an affirmative justification for doing so." *Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of W. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir. 1995)); *see Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.,* 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent jurisdiction should be declined where the federal claims are no longer viable, absent extraordinary circumstances").

No such extraordinary circumstances or considerations of efficiency and fairness are present here. The case is in its earliest stages, at the motion to dismiss stage. Any discovery that has occurred will not be wasted if the action is refiled in a state court that possesses jurisdiction. There is no particular procedural disadvantage to having a state court hear these state-law claims. Indeed, state court was the plaintiff's preferred forum when the predecessor action was filed.

I therefore decline to exercise supplemental jurisdiction.

## V.    CONCLUSION

For the reasons set forth above, the Board's motion to dismiss is granted. Dufault's motion is granted to the extent it seeks dismissal of the federal-law claims but denied to the extent it seeks dismissal of the state-law claims. The Court will not retain supplemental jurisdiction over the remaining state-law claims.

Dated: March 18, 2021

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**